LIBBEY GLASS, DIVISION OF OWENS-ILLINOIS, INC., PLAINTIFF v. UNITED STATES, DEFENDANT, J.G. DURAND INTERNATIONAL, PARTY-IN-INTEREST

Court No. 84-3-00410

Before FORD, *Judge.*

(Dated January 22, 1985)

*Stewart and Stewart (Terence P. Stewart* on the brief; *Eugene L. Stewart* and *Charles A. St. Charles* of counsel) for the plaintiff.

*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office (*Barbara M. Epstein* on the brief) for the defendant.

*Barnes, Richardson & Colburn (David O. Elliott* on the brief) for the party-in-interest.

FORD, *Judge:* This action was instituted pursuant to 516(c) of the Tariff Act of 1930 as amended (19 U.S.C. § 1516(c)) and 28 U.S.C. § 1581(b) to contest the denial by the Customs Service of a petition filed by plaintiff, an American manufacturer, on July 31, 1981.

Presently before the Court is a motion by defendant to sever and dismiss Baltimore Entry No. 84–116684–4 on the grounds the Court lacks jurisdiction over the merchandise covered thereby. The basis of the motion is that plaintiff, in filing its petition, contended that certain imported glassware exported by J.G. Durand Co. which had been classified under Item 546.38, Tariff Schedules of the United States, as "specially tempered" glassware was not specially tempered and was therefore properly subject to classification under Items 546.52 to 546.68, TSUS, depending upon the value of said glassware. Attached to the petition as Attachment 1A were examples, pictorially, of nine styles of Libbey glassware which plaintiff contends are the same class or kind as the nine pictured examples of Durand glassware. The denomination of the Durand glassware on Attachment 1B is as follows:

1. "Grand Vin" (which includes "Super Cuvee", "Super Savoie", "Super Ballon");

2. "Artic Stemware" (which includes "Champagne", "Wine", "Goblet");

3. "Artic Tumblers" (which includes "Old fashioned", "Hi Ball", "Beverage").

The Customs Service, following the required procedure, determined the "Grand Vin" glassware was properly subject to classification under Items 546.52 through 546.68, TSUS, based upon its value, as claimed by plaintiff. The Customs Service denied the petition as to the "Artic Stemware" and the "Artic Tumbler". Plaintiff then timely instituted this suit requesting notification of the first liquidation under Item 546.38, TSUS, of stemware exported by J.G. Durand Co. Accordingly notification was given that on February 10, 1984 two entries were liquidated at the port of New York, covering the six articles of Artic Tumblers and Stemware. In addition to those entries plaintiff included the liquidation of an entry on March 2, 1984 at the port of Baltimore which covered merchandise designated as "Caprice Glassware".

Plaintiff concedes the "Caprice" "on the rocks" is identical to and marketed as the "Artic Tumbler" "Old Fashioned" and the "Caprice" "Beverage" is identical to and marketed as the "Artic Tumber" "Beverage". This being so and following the decision in *American Nickeloid Company* v. *United States,* 47 Cust. Ct. 160, C.D. 2297 (1961), plaintiff has conceded that those two items should be severed and dismissed since they were not the first liquidated entries. Accordingly, it is so ordered.

Plaintiff, however, contends the third article covered by the Baltimore entry, the "6½ ounce juice glass", should remain in this action on the ground it was intended that all glassware from Durand was covered by the petition. Defendant points out, correctly, that the juice glass was not designated or described in the petition and is not therefore before the Court.

The statutory language governing this action, Section 1516(a), supra,[1] is specific as to the requirement for a description of the merchandise. In light of the specific statutory provision, mandating the contested merchandise be described, the burden is on the petitioner to fairly apprise Customs of the specific merchandise being challenged. Plaintiff has failed to designate the "juice glass" in its petition and it is, therefore, not properly before this Court.

In view of the foregoing it is hereby

ORDERED, ADJUDGED, AND DECREED that defendant's motion to sever and dismiss be, and hereby is granted; it is further

ORDERED that the severed and dismissed Entry No. 84–116684–4 shall be designated as Court No. 84–3–00410–S, and it is further

ORDERED that the complaint in Court No. 84–3–00410 be deemed amended to reflect that all claims as to the merchandise involved in Entry No. 84–116684–4 are dismissed; and it is further

ORDERED that defendant's time to file its response to the complaint be and hereby is extended to and including ten (10) days from the notice of entry of this order.

---

[1] § 1516. Petitions by domestic interested parties

Request for classification and rate of duty; petition

(a) The Secretary shall, upon written request by an interested party (as defined in section 1677(9) (C), (D), and (E) of this title) furnish the classification and the rate of duty imposed upon *designated and imported merchandise* of a class or kind manufactured, produced, or sold at wholesale by such interested party. If the interested party believes that the appraised value, the classification, or rate of duty is not correct, it may file a petition with the Secretary setting forth—

(1) *a description of the merchandise,*

(2) the appraised value, the classification, or the rate of duty that it believes proper, and

(3) the reasons for its belief. [Emphasis added.]